IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 12-cv-01225-RPM-KMT

DOMINIC PASQUALE,

    Plaintiff,

v.

OFFICER MICHAEL SPARKS,
OFFICER PEYROUSE,
OFFICER NICK ARMBRUST,
SERGEANT BRET GAREGNANI, in their individual capacities,

    Defendants.

_____

**MEMORANDUM OPINION AND ORDER**
_____

    Plaintiff Dominic Pasquale initiated this action under 42 U.S.C. § 1983, claiming that Defendants, deputy sheriffs for the City and County of Denver, used excessive force against him while in their custody as a detainee at the Downtown Detention Center ("DDC"), in violation of the Fourteenth Amendment to the United States Constitution. Defendants, who are sued in their individual capacities, have moved for summary judgment on the basis of qualified immunity.

    Pasquale was booked into the DDC on an assault charge on the evening of May 21, 2011. Once Pasquale arrived there, he was searched and his personal property was inventoried. Deputy Ryan Kitzman then ordered Pasquale to take his papers and sit in an open waiting area. Pasquale refused. Other officers repeated the command. Pasquale again did not comply. At that point, Sergeant Garegnani and Deputy Armbrust grabbed Pasquale's arms and began escorting him to an isolation cell.

According to Defendants, Pasquale began resisting the officers while they were escorting him. Plaintiff denies that assertion. The officers physically forced Pasquale into the isolation cell and onto the ground. In the scuffle, Sergeant Garegnani struck the right side of Pasquale's head with his fist. Garegnani and Deputy Armbrust got on top of Pasquale and handcuffed his arms behind his back. Deputies Sparks and Peyrouse entered the cell at that point, and together applied Orcutt Police Nunchakus ("OPNs") to Plaintiff's ankles.[1] Plaintiff testified in his deposition that the OPNs caused him significant pain.

Once Pasquale was subdued, he was seen by a nurse. She did not treat him, though the parties dispute why. Sergeant Garegnani and another officer transported Pasquale to Denver Health Hospital sometime around 12:30 a.m. Dr. Tracy Cushing, the attending physician, noted that Pasquale had a small right eye hematoma and abrasions on his ankles. Pasquale was discharged with instructions to ice, elevate, compress, and stay off of his ankles. After Pasquale's examination, he was returned to DDC. He was released around 7:54 a.m. on May 22, 2011.

Claims of excessive force against pre-trial detainees by state officials are governed by the Fourteenth Amendment due process clause. *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010). In evaluating such claims, courts in the Tenth Circuit must focus on three factors: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Id.* at 1326 (quoting *Roska v. Peterson,* 328 F.3d 1230, 1243 (10th Cir. 2003)). In addition, "[f]orce inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that

---

[1] An OPN comprises two sticks about a foot long each with a nylon cord attaching them. It is used to subdue aggressive, hostile, or otherwise resistant inmates.

shocks the conscience may be redressed under the Fourteenth Amendment." *Porro*, 624 F.3d at 1326 (quoting *Roska*, 328 F.3d at 1243).

To evaluate the proportionality of the force used by Defendants in this case, and to understand their motives, the fact-finder must be able to determine whether Pasquale resisted their attempts to control and subdue him, and the extent to which he did so. The parties strenuously dispute the fact of Pasquale's resistance; Defendants, in deposition testimony and affidavits, claim that Pasquale was belligerent and violent, while Plaintiff has offered his own deposition testimony maintaining that he did not in any way resist the officers or present a safety risk. Because this issue is material and turns on the parties' credibility, summary judgment is not proper. *See Buell Cabinet Co., Inc. v. Sudduth*, 608 F.3d 431, 433-34 (10th Cir. 1979) (citing cases).

Based on the foregoing opinion, it is

ORDERED that Defendants' Motion for Summary Judgment is denied.

Dated: August 7, 2013.

                                         BY THE COURT:

                                         s/Richard P. Matsch
                                         _____
                                         Richard P. Matsch
                                         Senior District Judge